UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
COLUMBUS DIVISION

I<small>N RE</small>:

MAJEED ABDUL RAHMAN,

    Debtor.

Case No. 2:20-<small>BK</small>-54854

Chapter 7

MAJEED ABDUL RAHMAN,

    Plaintiff,

v.

GREAT LAKES EDUCATIONAL LOAN SERVICES, INC., *et al.*,

    Defendants.

Adv. Proceeding No. 2:21-ap-02015

**DEBTOR'S SECOND AMENDED COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. 523(a)(8)**

Plaintiff/Debtor Majeed Abdul Rahman ("Debtor") and for his Complaint for Dischargeability of Claims held by Creditor United States Department of Education ("Creditor") states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Debtor/Plaintiff Majeed Abdul Rahman ("Debtor") is the Debtor in the underlying Chapter 7 Petition and is a natural person residing in the City of Columbus, County of Franklin, State of Ohio.

2. Creditor United States Department of Education is an entity of the United States that provides a multitude of services on behalf of the United States to its citizens including, as relevant here, offering educational loans.

3. For all relevant times herein the Debtor's Student Loan(s) subject to this Complaint were owned by Creditor and serviced by various servicers. Debtor's Student Loans are currently serviced by Great Lakes Educational Loan Services, Inc. who is not a party to this Adversary.

4. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157 and 11 U.S.C. § 523. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

5. This Complaint seeks to determine the dischargeability of Debtor's student loan obligations pursuant to 11 U.S.C. § 523(a)(8).

6. Venue is proper in this District as the Bankruptcy was filed in this District and a substantial part, if not, all of the events or omissions giving rise to Debtor's Complaint occurred in this District.

**FACTUAL BACKGROUND**

7. Debtor filed his petition for relief under Chapter 7 of Title 11 of the United States Code ("Petition") on October 23, 2020 in the United States Bankruptcy Court for the Southern District of Ohio, Eastern Division. *See* Doc. 1

8. Debtor received his discharge on February 2, 2021 without any distribution(s) to unsecured creditors. *See* Doc. 25; *see also* Docket, generally

9. Prior to the filing of his petition, the Debtor incurred loans for his education from Creditor between 2010 and 2019 as the Debtor attempted to complete his doctoral degree at the University of Wisconsin-Milwaukee ("UWM"). Debtor was pursuing his Ph.D. in Africology.

10. During the years that Debtor sought to complete his degree his gross income was never more than $44,708.00 annually ($19,703.00 in 2019, $19,609.00 in 2018, $44,708.00 in 2017, $38,000 in 2016, $40,932.00 in 2015, $12,243.00 in 2014, $12,169.00 in 2013 and $12,662.00 in 2012).

11. Debtor was unable to complete his degree due to various departmental restructurings at UWM that left the Debtor without a department and without the necessary funding and resources to complete his degree.

12. Eventually these institutional issues compelled the Debtor to leave UWM and relocate here to Columbus, Ohio where the Debtor has undertaken a series of part-time jobs in order to support himself and his three minor children.

13. At the time the Debtor filed his petition, he listed his obligations to the Creditor on Line 4.2 of Schedule E/F of his petition in the following manner:

a. U.S. Dept of Ed/GLELSI, 2401 International Ln, Madison, WI 53704, account no. ending in 8581, total amount owed believed to be $192,033.00.

*See* Doc. 1 at p. 40.

14. As noted on Debtor's Schedule I filed with his Petition, Debtor's primary income as of the time of filing was his income as a temporary worker for the United States Census Bureau earning at that time $3,189.89 in net income. *See* Doc. 1 at pp. 51-52.

15. The Debtor's employment with the Census was temporary and ended. Debtor's current income included weekly unemployment benefits of $375.00 as well as receipt of the Pandemic Unemployment Benefits.

16. Debtor's pandemic unemployment is scheduled to end imminently and his other benefits are slated to end as of September 2021.

17. In addition to his unemployment benefits Debtor does also receive Medicaid coverage for himself and his three minor children.

18. Debtor has been and is currently seeking gainful employment though based on his wage history since 2012, Debtor is not optimistic at finding gainful employment where he would earn income more than what is necessary to cover his basic household expenses as disclosed on Schedule J of his petition. *See* Doc. 1 at pp. 53.

## COUNT ONE: UNDUE HARDSHIP

19. The Debtor restates the allegations contained in Paragraphs 1 through 18

20. As outlined above, Debtor is a 45 year old male and has been for many years and continues to be the head of household for a family of 4.

21. As noted above and reflected on his Schedule I, Debtor currently has no regular source of income other than on-going unemployment benefits.

22. Debtor's expenses do not include a repayment plan for any of the student loans subject to this Adversary. *Id.*

23. In reviewing Debtor's Schedule J Debtor has maintained and continues to maintain a minimal standard of living for a family of four persons using his sources of income and on-going government assistance to ensure all reasonable household expenses can be paid including the necessities of a home, utilities, food, and clothing for himself and his children. *Id.*

24. Based on the allegations herein, *supra*, Debtor has been unable to find long-term gainful employment based upon his inability to complete his doctoral degree which prevents him from gainful employment as a professor at many colleges and universities in both the greater Columbus area as well as Ohio and nationwide.

25. Based on the allegations herein, *supra*, Debtor's income prior to filing bankruptcy was insufficient to afford a payment plan with Creditor other than a IBR/ICR payment of $0.00.

26. Based on the allegations herein, *supra*, Debtor's financial conditions have continue to deteriorate since being unable to complete his degree and given factors such as his age, educational background, ethnic background which includes English as his second language, the Debtor's state of affairs will continue to persist for the remaining portion of the repayment period which is immediate and will continue until these loans become mature.

27. The Debtor therefore requests a declaration from this Court that all of his loans with the Defendants be discharged and not subject to 11 U.S.C. § 523(a)(8).

Respectfully Submitted,

/s/ Brian D. Flick
Marc E. Dann (0039425)
Brian D. Flick (0081605)
DannLaw
P.O. Box. 6031040
Cleveland, Ohio 44103
(216) 373-0539
(216) 373-0536 fax
notices@dannlaw.com
*Counsel for Plaintiff*

5